UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN CARLOS FRIAS DE PAULA and
YDELFONSO YORA MATOS,

                Plaintiffs,

        -against-

BOLIVAR BUNAY GALO; LJB TRUCKING LLC;
and RBM TRADING LLC,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-939 (OEM) (JAM)

ORELIA E. MERCHANT, United States District Judge:

    Plaintiffs Juan Carlos Frias De Paula ("De Paula") and Ydelfonso Lora Matos ("Matos") (collectively, "Plaintiffs") brought this negligence action against Defendants Bolivar Bunay Galo ("Galo") and LJB TRUCKING LLC ("LJB") in New York State Supreme Court on November 14, 2024. *See generally* Petition for Removal, Exhibit A, Dkt. 1-1 (the "Complaint" or "Compl."). After removing the case to federal court on December 20, 2024, *see generally* Petition for Removal, *Frias De Paula v. Galo*, 24-cv-08703-BMC (E.D.N.Y. Dec. 20, 2024), Dkt. 1, and being remanded back to state court on January 3, 2025, Order Remanding Case, *Frias De Paula*, 24-cv-08703-BMC (E.D.N.Y. Jan. 3, 2025), Galo and LJB removed this case to federal court again on February 19, 2025, *see generally* Petition for Removal, Dkt. 1 (the "Second Petition for Removal" or "Second Pet."). On June 13, 2025, Plaintiffs amended their Complaint to add nondiverse Defendants RBM Trading LLC ("RBM") and GCT of New York LP ("GCT") to the case. *See generally* Amended Complaint, Dkt. 17 (the "Amended Complaint" or "Am. Compl."). Before the Court is Plaintiffs' motion to remand this matter to state court. *See generally* Plaintiffs' Memorandum of Law in Support of Their Motion to Remand, Dkt. 35-2 (the "Motion" or "Mot.").

    For the following reasons, Plaintiffs' Motion is granted.

## BACKGROUND

### A. The Accident

This case arises out of a motor vehicle accident (the "Accident"). *See* Compl. ¶¶ 5-18; Am. Compl. ¶¶ 8-20. As alleged in the Complaint and clarified in the Amended Complaint, Defendant Galo owned and was employed by Defendant LJB, which Defendant RBM hired to transport a container from Newark, New Jersey, to Springfield Gardens, New York. Compl. ¶¶ 5-9; Am. Compl. ¶¶ 8-12. On February 27, 2024, Galo was transporting the container in a 2004 Freightliner truck owned by LJB, Compl. ¶¶ 7-9; Am. Compl. ¶¶ 8-9, 18, and Plaintiff Frias De Paula was driving a 2011 Honda motor vehicle in which Plaintiff Matos was a passenger, Compl. ¶¶ 12-13; Am. Compl. ¶¶ 15-16. At approximately 4:00 p.m., on "the Van Wyck Expressway/Whitestone Expressway near Exit 13 (Northern Blvd)," in Queens County, New York, Am. Compl. ¶¶ 17-20, Galo allegedly "struck the rear of the motor vehicle being operated by [Frias De Paula]," *id.* ¶ 20, causing "serious personal injuries" to Plaintiffs, *id.* ¶ 21. *See* Compl. ¶¶ 15-19.

### B. Procedural History

Plaintiffs sued Galo and LJB for negligence in the New York State Supreme Court in Queens County on November 14, 2024. *See generally id.*

On December 20, 2024, Galo and LJB removed the case to federal court, where it was assigned to Judge Brian M. Cogan. *See generally* Petition for Removal, *Frias De Paula*, 24-cv-08703-BMC (E.D.N.Y. Dec. 20, 2024), Dkt. 1. On December 27, 2024, Judge Cogan ordered Galo and LJB to show cause by January 3, 2025, why the action should not be remanded back to state court due to "[t]hree patent defects with the notice of removal": the failure to produce any state court pleadings, the failure to establish sufficiently the amount in controversy, and the failure to establish sufficiently the citizenship of LJB. Order to Show Cause, *Frias De Paula*, 24-cv-

2

08703-BMC (E.D.N.Y. Dec. 27, 2024). Galo and LJB filed two letters in response: one on January 2, 2025, *see* Letter, *Frias De Paula*, 24-cv-08703-BMC (E.D.N.Y. Jan. 2, 2025), Dkt. 3, and one on January 3, 2025, Letter, *Frias De Paula*, 24-cv-08703-BMC (E.D.N.Y. Jan. 3, 2025), Dkt. 7. On January 3, 2025, Judge Cogan remanded the case to state court because in their letters Galo and LJB did not address the jurisdictional amount with requisite specificity. "The removal window," Judge Cogan wrote, "does not open until 'the plaintiff services the defendant with a paper that explicitly specifies the amount of monetary damages sought.'" Order Remanding Case, *Frias De Paula*, 24-cv-08703-BMC (E.D.N.Y. Jan. 3, 2025) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)).

On February 19, 2025, Galo and LJB removed the case to federal court a second time. *See generally* Second Pet. This second case was assigned to the undersigned and Magistrate Judge Joseph A. Marutollo. In their Second Petition for Removal, Galo and LJB stated that "new information," *id.* ¶ 2, became available to them on February 6, 2025, in a Response to Demand for ad Damnum, alleging that "$5,000,000.00 is demanded on each cause of action for each plaintiff," *id.*, Exhibit D at 1, Dkt. 1-4.

At an initial conference held on April 25, 2025, Magistrate Judge Marutollo permitted the parties to file amended pleadings by May 2, 2025, which he subsequently extended to July 3, 2025. *See* Minute Entry, dated April 25, 2025; Order, dated May 19, 2025; Order, dated June 13, 2025. On June 13, 2025, Plaintiffs amended their Complaint to add RBM and GCT as defendants. *See generally* Am. Compl. Specifically, Plaintiffs added RBM and GCT to the pre-existing negligence claim against Galo and LJB and brought an additional claim of negligent entrustment solely against RBM and GCT. *Id.* ¶¶ 21-29. Galo and LJB filed their answer to the Amended Complaint on July 21, 2025, *see generally* Defendants' Answer to the Verified Amended Complaint, Dkt. 24, and

3

RBM filed its answer and crossclaims on August 21, 2025, *see generally* Answer and Cross-Claims of Defendant RBM Trading LLC, Dkt. 31.  GCT did not file a responsive pleading.

On August 7, 2025, Plaintiffs served their motion for remand, arguing that they had asserted cognizable claims against RBM and GCT and that the Court lacked subject-matter jurisdiction as a result.  *See* Mot. at 3-5.  According to Plaintiffs, the addition of RBM and GCT, both citizens of New York, destroyed this Court's diversity jurisdiction.  *Id.* at 4.

Galo, LJB, and RBM (collectively, "Defendants") filed their opposition to Plaintiffs' Motion on August 22, 2025.[1]  *See generally* Affirmation in Opposition to Motion to Remand, Dkt. 33 ("Galo and LJB Opposition" or "Galo & LJB Opp'n"); Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, Dkt. 34 ("RBM Opposition" or "RBM Opp'n).  In their oppositions, Defendants argue that Plaintiffs fraudulently joined RBM and GCT to defeat this Court's diversity jurisdiction and that the claims against them are baseless.  *See* Galo & LJB Opp'n at 2-5; RBM Opp'n at 2-4.  RBM further contends that the "Plaintiffs' claims are barred by the doctrine of res judicata" because the "issues surrounding [Galo and LJB's] liability were fully and fairly litigated in the state court action before it was removed."  RBM Opp'n at 4.

On August 26, 2025, Plaintiffs filed their reply in further support of their motion to remand. *See* Reply Affirmation, Dkt. 36 (the "Reply").  Plaintiffs assert that joinder of RBM and GCT is proper and that their claims are grounded in law.  *Id.* ¶¶ 1-16.  They add that RBM's res judicata argument is "frivolous."  *Id.* ¶ 21.

The Court held oral argument on Plaintiff's Motion on September 17, 2025, and directed the parties to file supplemental briefing.  On October 1, 2025, Defendants filed supplemental opposition papers, *see generally* Supplemental Affirmation in Opposition to Motion for Remand,

---

[1] GCT did not participate in the briefing or argument of this Motion.

4

Dkt. 42 ("Galo and LJB Supplemental Opposition" or "Galo & LJB Suppl. Opp'n"); Supplemental Brief in Opposition to Plaintiffs' Motion to Remand, Dkt. 43 ("RBM Supplemental Opposition" or "RBM Suppl. Opp'n"), and on October 8, 2025, Plaintiffs filed a supplemental reply, *see generally* Supplemental Reply Affirmation, Dkt. 45 ("Plaintiffs' Supplemental Reply" or "Pls.' Suppl. Reply").

The parties additionally submitted a stipulation of dismissal as to GCT on October 2, 2025, *see* Stipulation of Discontinuance as to Defendant GCT of New York LP, Dkt. 44, which the Court so ordered on October 3, 2025.[2]

All discovery closed on January 5, 2026. *See* Order, dated August 27, 2025.

## DISCUSSION

The parties' briefing presents two main issues: (1) whether this Court possesses subject-matter jurisdiction and (2) whether the doctrine of res judicata bars Plaintiffs' claims.

### A. The Court Lacks Subject-Matter Jurisdiction.

A defendant may remove an action to a federal court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). To remove a case based on diversity jurisdiction, a defendant must show that all the requirements of diversity jurisdiction have been satisfied. *Bounds*, 593 F.3d at 215 (citing 28 U.S.C. § 1446). Complete diversity is required. *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). Courts in this Circuit

---

[2] Because GCT is no longer a party to this case, the Court does not address the claims Plaintiffs made against it.

5

"generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003).

In their Second Petition for Removal, Galo and LJB assert that this Court possesses subject-matter jurisdiction over this matter. They claim that the amount in controversy is "more than $75,000," Second Pet. ¶ 10; *id.*, Exhibit D at 1, Dkt. 1-4 (specifying $5,000,000.00 per Plaintiff), and that Plaintiffs reside in New York, while Galo resides in New Jersey, Second Pet. ¶¶ 6-7, 9. They state that LJB is incorporated and has a principal place of business in New Jersey and that Galo is its sole member. Second Pet. ¶ 8; *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (A "limited liability company . . . takes the citizenship of each of its members."). Therefore, the Court finds that complete diversity existed at the time the Second Petition for Removal was filed.

Plaintiffs do not dispute this conclusion but subsequently amended their Complaint to add RBM as a defendant, both to the pre-existing negligence claim and to a new negligent entrustment claim. *Compare* Compl., *with* Am. Compl. The Amended Complaint asserts that RBM is a citizen of New York. Am. Compl. ¶ 6. Plaintiffs thus argue that the addition of RBM deprives this Court of subject-matter jurisdiction. Mot. at 4-5; Reply ¶¶ 2-16; Pls.' Suppl. Reply ¶¶ 2-6, 11-17.

In response, Defendants do not contest that RBM is a citizen of New York. *See* Letter from RBM to the Court (Jan. 7, 2026), Dkt. 51 (confirming that RBM "has three members": a citizen of Guyana and two citizens of New York); *Bayerische*, 692 F.3d at 49. Rather, they assert that Plaintiffs fraudulently joined RBM to this action to destroy this Court's diversity jurisdiction. Galo & LJB Opp'n at 2-5; Galo & LJB Suppl. Opp'n at 2-4; RBM Opp'n at 1-4; RBM Suppl. Opp'n at 2-4.

6

Post-removal joinder of additional defendants is governed by 28 U.S.C. § 1447(e), which provides: "If after removal [a] plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Federal courts interpret "the removal statute narrowly, resolving any doubts against removability," in keeping with Congress's intent "to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991), *superseded by rule on other grounds*, FED. R. CIV. P. 5(d)(4), 83(a)(2), *as recognized in*, *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024)). Whether to admit new parties is "within the sound discretion of the trial court." *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (quoting *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 921 (S.D.N.Y. 1995)). "District courts in this circuit have generally agreed that in exercising the discretion whether to admit new parties, 'courts first consider whether joinder would be appropriate under Rule 20 [of the Federal Rules of Civil Procedure] and then proceed to weigh . . . principles of fundamental fairness.'" *Id.* (alteration in original) (quoting *Wyant*, 881 F. Supp. at 921, 923).

First, the Court considers joinder under Federal Rule of Civil Procedure 20 ("Rule 20"). In relevant part, Rule 20(a)(2) states that

> [p]ersons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Here, the Court finds, and Defendants do not contest, that the joinder of RBM would be permissible under Rule 20(a). As outlined above, Plaintiffs' original Complaint did not name RBM as a

7

Defendant or state any cause of action against it. *See* Compl. There would therefore be no basis for joinder under the original Complaint. *See, e.g.*, *Briarpatch*, 81 F. Supp. 2d at 515. The Amended Complaint, however, joins RBM as a defendant to the pre-existing cause of action of negligence and to a new cause of action of negligent entrustment. *See* Am. Compl. ¶¶ 21-29. The negligence and negligent entrustment claims arise out of the same accident and allege questions of law or fact common to all Defendants; therefore, joinder would be appropriate under Rule 20. *See, e.g.*, *Briarpatch*, 81 F. Supp.2d at 515; *Nocella v. Allstate Ins. Co.*, CV 18–1995 (ADS)(AYS), 2019 WL 2438745, at *4 (E.D.N.Y. Feb. 6, 2019).

Next, the Court considers principles of fundamental fairness. When evaluating "fundamental fairness," courts in this Circuit generally analyze four factors: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." *Briarpatch*, 81 F. Supp. 2d at 515 (quoting *Wyant*, 881 F. Supp. at 923); *accord Mraz v. JPMorgan Chase Bank, N.A.*, 17-CV-6380, 2018 WL 2075427, at *4 (E.D.N.Y. May 3, 2018); *Nocella*, 2019 WL 2438745, at *4; *Naber v. First Am. Title Ins. Agency, Inc.*, 22-CV-6166-CJS-MJP, 2022 WL 16832644, at *6 (W.D.N.Y. Nov. 9, 2022). On the first factor, RBM concedes that "Plaintiffs did not significantly delay in amending their complaint after removal." RBM Opp'n at 2.[3] RBM similarly acknowledges on the third factor that "there is no likelihood of multiple litigations if joinder is denied." *Id.* at 3. On the second and fourth factors, however, RBM emphasizes the impropriety of Plaintiffs' motivation because "[t]he claim against RBM is legally impossible." *Id.*; *see id.* at 2-3. RBM characterizes the joinder as "tactical." *Id.* at 2. In reply, Plaintiffs assert that their motivation for joining RBM is proper. Pls.' Reply ¶¶ 2-16.

---

[3] The Court notes that LJB and Galo did not brief the issue of fundamental fairness.

8

As acknowledged in *Briarpatch Ltd., L.P. v. Pate*, the motivation factor "comports with the more general rule animating fraudulent joinder," 81 F. Supp. 2d at 515-16: that a plaintiff may not undermine diversity jurisdiction by "improperly joining a non-diverse defendant with no genuine connection to the matter," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011); *see, e.g.*, *Aparicio v. Uber Techs., Inc.*, 22-CV-4244-OEM-SJB, 2023 WL 5287065, at *9 (E.D.N.Y. Aug. 16, 2023) (discussing the relationship between 28 U.S.C. § 1447(e) and the doctrine of fraudulent joinder). Under the doctrine of fraudulent joinder,

> the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *see Brown*, 654 F.3d at 356.

Here, Defendants do not claim that there has been outright fraud; rather, they argue that there is no possibility that Plaintiffs can state a cause of action against RBM in state court. *See* Galo & LJB Opp'n at 4-5; Galo & LJB Suppl. Opp'n at 2-4; RBM Opp'n at 3; RBM Suppl. Opp'n at 2-4. This argument is governed by state law. *See, e.g.*, *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." *Farnum v. Crown Equip. Corp.*, 20-CV-10843 (RA), 2021 WL 2581266, at *3 (S.D.N.Y. June 23, 2021) (quoting *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d. 172, 178 (S.D.N.Y. 2002)). Importantly, the applicable standard "is not whether the claim would likely survive a motion to dismiss." *Tamm v. Cincinnati Ins. Co.*, 18-CV-11415 (RA) (BCM), 2019 WL 5722131, at *6 (S.D.N.Y. Aug. 15, 2019) (quoting *Segal v. Firtash*, 13–cv–7818 (RJS), 2014 WL 4470426, at *3 (S.D.N.Y. Sep. 9, 2014)), *adopting report & recommendation*, 18-CV-11415 (RA),

9

2020 WL 1144713 (S.D.N.Y. Mar. 9, 2020), *aff'd*, 858 F. App'x 412 (2d Cir. 2021). Instead, "[i]t is enough to conclude 'that New York's liberal pleading rules leave open the possibility that the state court would deem the Complaint to state a claim.'" *Id.* (quoting *Lis v. Lancaster*, 19-cv-1414 (JSR), 2019 WL 2117644, at *2 (S.D.N.Y. Apr. 25, 2019)); *see id.* ("This distinction – between the motion to dismiss standard and the 'less searching' standard used on a remand motion – is important to ensure that the federal courts are not drawn into resolving the merits of state-law disputes in order to determine whether they have jurisdiction to do so. A defendant 'may not use removal proceedings as an occasion to adjudicate the substantive issues of a case.'" (quoting *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003))).

As outlined above, the Complaint solely alleged a single cause of action against LJB and Galo: negligence. *See* Compl. ¶¶ 19-27. The Amended Complaint subsequently joined RBM and GCT as Defendants to the negligence claim and additionally brought a negligent entrustment claim solely against RBM and GCT, not Galo and LJB. Am. Compl. ¶¶ 21-29. Although the Court may look beyond the pleadings to resolve disputed jurisdictional factual issues, *see Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 255 n.30 (2d Cir. 2003); *MBIA*, 706 F. Supp. 2d at 395 (collecting cases), the Court's fraudulent joinder inquiry remains focused on the pleadings themselves, as they existed at the time of removal, *see Pampillonia*, 138 F.3d at 462; *Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 712 F. App'x 85, 86 (2d Cir. 2018). In a case like this, where Plaintiffs filed an Amended Complaint post-removal, the Court's analysis generally must not consider any new causes of action not present in the original Complaint. *See MBIA*, 706 F. Supp. 2d at 395 ("In fraudulent joinder cases, '[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.'" (alteration in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694,

10

700 (5th Cir. 1999)); *Mraz*, 2018 WL 2075427, at *4; *Tamm*, 2019 WL 5722131, at *7. Instead, the Amended Complaint may be relied upon only to the extent that it provides "expanded factual allegations" on the cause of action already present in the original Complaint: negligence. *Tamm*, 2019 WL 5722131, at *7; *see MBIA*, 706 F. Supp. 2d at 396; *Segal*, 2014 WL 4470426, at *4.

Having focused solely on the tort of negligent entrustment in their briefing, Defendants have not met their "heavy burden" by "clear and convincing evidence." *Pampillonia*, 138 F.3d at 461. Even if they did address the negligence claim against RBM, however, such claim is not legally impossible. To plead a claim of negligence under New York law, a plaintiff must allege "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Shepard v. Power*, 195 N.Y.S.3d 94, 97 (2d Dep't 2023) (quoting *Ferreira v. City of Binghamton*, 194 N.E.3d 239, 245 (N.Y. 2022)). "Ordinarily, a principal is not liable for the acts of independent contractors," *Chainani ex rel. Chainani v. Bd. of Educ.*, 663 N.E.2d 283, 287 (N.Y. 1995), however, there are "three basic categories" of exceptions: "negligence of the employer in selecting, instructing or supervising the contractor; employment for work that is especially or 'inherently' dangerous; and, finally, instances in which the employer is under a specific nondelegable duty," *Helton v. Avrio Grp. Surveillance Sols.*, 5 F. Supp. 3d 386, 404 (W.D.N.Y. 2014) (quoting *Kleeman v. Rhinegold*, 614 N.E.2d 712, 715 (N.Y. 1993)). New York has "liberal pleading rules," which are broader than federal pleading rules and "require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'" *MBIA*, 706 F. Supp. 2d at 394 (quoting *Parker v. Mack*, 460 N.E.2d 1316, 1317 (N.Y. 1984)); *see also Schlackman v. Robin S. Weingast & Assocs., Inc.*, 795 N.Y.S.2d 707, 708 (2d Dep't 2005) ("A pleading attacked for insufficiency must be accorded a liberal construction, and 'if it states, in some recognizable form, any cause of action known to our law,'

11

it cannot be dismissed." (quoting *Clevenger v. Baker Voorhis & Co*, 168 N.E.2d 643, 644 (N.Y. 1960))).

In their Complaint, Plaintiffs allege that, while operating a truck owned by LJB and while working for LJB, Galo rear-ended a car driven by Frias De Paula and in which Matos was a passenger on February 27, 2024. Compl. ¶¶ 7-9, 12-18. In their Amended Complaint, Plaintiffs clarify that, "[o]n or prior to" that date, RBM "hired [LJB] to transport a container from Newark, NJ to Springfield Gardens, Queens." Am. Compl. ¶ 12. Plaintiffs contend that while transporting that container, Galo allegedly struck Plaintiffs. *Id.* ¶¶ 8-20. In their cause of action for negligence, Plaintiffs further assert that Defendants "were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle," Compl. ¶ 21, and that this "carelessness, recklessness and negligence" caused the Accident, *id.* ¶ 20; Am. Compl. ¶ 21. As a result, Plaintiffs sustained "serious injury." Am. Compl. ¶¶ 22-23; *see* Compl. ¶¶ 19-20, 22. Plaintiffs seek damages "in the amount of $5,000,000 each." Am. Compl. ¶ 25.

Based on these allegations, a finding of legal impossibility is not warranted. Although Defendants argue that RMB hired LJB and Galo as an independent contractor and did not own or control the truck at issue, *see* RMB Suppl. Opp'n at 2-3; Galo & LJB Opp'n at 4, there remains ambiguity as to the exact nature of RMB and LJB's relationship in the pleadings themselves, as well as the applicability of possible exceptions recognized by New York law. The Court must resolve these ambiguities in Plaintiffs' favor.[4] *Pampillonia*, 138 F.3d at 461; *see, e.g., Campbell*

---

[4] Even if the Court were to look beyond the pleadings, the Court observes that there remains ambiguity in the materials supplied by the parties. To establish that Galo was an independent contractor, Defendants focus on a single-page bill of lading, which counsel subsequently clarified is a routing slip. *See* RBM Suppl. Opp'n, Exhibit B, Dkt. 43; Galo & LJB Opp'n at 4-5; RBM Suppl. Opp'n at 4; Pls.' Reply at 1-2. Ostensibly generated by RBM, this routing slip lists RBM as the recipient of the container transported by LJB and Galo. *See* RBM Suppl. Opp'n, Exhibit B, Dkt. 43; Galo & LJB Opp'n at 4-5; RBM Suppl. Opp'n at 4; Pls.' Reply at 1-2. Defendants additionally point to testimony from Galo, both in the form of a deposition transcript and an affidavit, which assert that he "was not an employee or agent

12

*v. Uber Techs. Inc.*, 22-CV-1247 (DG)(MMH), 2023 WL 2662947, at *4 (E.D.N.Y. Mar. 28, 2023) (remanding an automobile accident negligence action where the defendants did not carry their "heavy" fraudulent joinder burden and observing that "the mere likelihood that a court would dismiss the case under these circumstances . . . is insufficient to pass the clear and convincing bar under Second Circuit precedent" (quoting *Jerido v. Uber Techs., Inc.*, 22 Civ. 2217 (KPF), 2022 WL 17986179, at *7 (S.D.N.Y. Dec. 29, 2022)).

Accordingly, 28 U.S.C. § 1447(e) requires remanding this matter to state court.

### B. The Court Declines to Rule on RBM's Res Judicata Argument.

Because the Court concludes that it lacks subject-matter jurisdiction over this case, the Court does not address RBM's res judicata argument. Moreover, this Motion's "'jurisdictional inquiry is preliminary to any decision on the merits' and is not meant to serve as a back door for getting a defendant's dispositive motions heard in a preferred federal forum." *Rose v. Horan*, 17-CV-6408 (MKB), 2018 WL 4344954, at *4 (E.D.N.Y. Sep. 11, 2018) (quoting *Saveria JFK, Inc. v. Flughafen Wien, AG*, 15-CV-6195 (RRM), 2016 WL 11263673, at *4 (E.D.N.Y. May 3, 2016), *report & recommendation adopted*, 15-CV-6195 (RRM)(RLM), 2017 WL 1194656 (E.D.N.Y. Mar. 30, 2017)).

---

of" RBM on the date of the Accident. Galo & LJB Opp'n, Exhibit A ¶ 5; *see* RBM Suppl. Opp'n at 4; RBM Suppl. Opp'n, Exhibit A, Dkt. 43. The Court has reviewed this testimony and routing slip and notes that, under New York law, whether someone is classified as an independent contractor depends on a variety of factors. *Bynog v. Cipriani Grp. Inc.*, 802 N.E.2d 1090, 1093 (N.Y. 2003). The Court cannot, on the basis of the materials before it, conclude that these factors have been met such that there is "no possibility" under New York law for Plaintiffs to state a cause of action.

13

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion and remands this matter to the Supreme Court of the State of New York, Queens County. The Court respectfully directs the Clerk of Court to close this case.

SO ORDERED.

_/s/_
ORELIA E. MERCHANT
United States District Judge

January 29, 2026
Brooklyn, New York